John Teixeira<br>
vs.     No. 76931.<br>
Turner Center System

May 22, 1929.

HAHN, J. Heard on plaintiff's motion for a new trial based on the usual grounds.

This is an action of trespass on the case for negligence arising out of an accident which happened on the Ferry Road running from the junction of Hope and Wood streets to the ferry at Bristol, Rhode Island.

Defendant was the owner of a truck which was parked at the right hand side of the road and was driven by an agent of the defendant, who, having delivered some merchandise at a tearoom there situated, turned back or northerly towards Bristol, and when he had crossed over the middle of the road, plaintiff's machine came along and either struck or came very close to the left front wheel of defendant's machine, and was driven into a ditch and damaged, and plaintiff claims to have received some personal injuries. Arthur Andreasen, the driver of defendant's truck, testified that before starting to turn he looked back along the road and did not see the plaintiff's machine, which, according to the preponderance of the evidence, was proceeding at a moderate rate of speed in a northerly direction toward the ferry.

The Court with the jury took a view of the scene of the accident and observed the line of vision to the rear of defendant's machine as parked, which was clearly some hundreds of feet, the witness Andreasen testifying that the distance from where his truck was parked to the curve on Hope street was some 50 or 75 yards, and the view along Wood street, upon which plaintiff said he was driving, was at least one-quarter to one-half a mile.

In the mind of the Court there is no question but that, if the defendant's driver had looked, he would have seen plaintiff's machine approaching and, in the exercise of ordinary prudence, would have waited until it had passed. There was some obstruction to his view from the rear window of the cab in which he was seated and, aside from the observation which he took before he got upon the truck and started, it is exceedingly doubtful that he paid much attention to the road in the rear. The preponderance of the evidence is that he negligently turned into the center of the road and towards his left.

As to the speed of plaintiff's machine, he passed a herd of cows shortly before the scene of the accident, turned over to his right to avoid them and was not proceeding at a fast rate of speed. The preponderance of the evidence and the probabilities are that upon observing defendant's machine turning out in front of him, he used his best judgment in the emergency and was thrown into the ditch.

The verdict is against the evidence and the weight thereof and plaintiff's motion for a new trial is granted.

For plaintiff: John Di Libero, Robert Brown.

For defendant: Boss, Shepard & McMahon.